Good morning. May it please the court. Jeffrey Jones for the appellant Tyronne Pollard. I would like to reserve two minutes for rebuttal, if I may. Mr. Jones, is it Mr. Pollard's position that he didn't know he was a convicted felon? Yes. Yes, Your Honor. And how many felony convictions did he have? Several. I believe five in total. So, it's not that he wasn't told that was an element. It's that he didn't know he was a convicted felon? Well, he wasn't told that was an element. And subsequently, he contends he would not have pled guilty had he known of that element. Did he file objections to the pre-sentence investigation report that designated his prior convictions as felonies? No. Okay. So, he knew he was a felon. He just didn't know. He's complaining that he was not notified at the time of the plea that that was an element of the offense. That's true. Okay. So, he knew he was a convicted felon? I believe only by – I think there's a significant amount of evidence that any reasonable person would have known. Well, I mean, he was in his – sorry. He was in his pre-sentence investigation report and he didn't object. He got points for those felonies. That's true. So, we're down to the point that he thought he should have explained that element, that that should have been an element of the offense and he should have been given at the time of the plea, right? Yes, but if I may, you know, the pre-sentence report, counsel didn't object to it and his status as a felon and the fact that he'd been convicted of a felony, it wasn't relevant to his offense at that time. Knowledge wasn't an issue and there's no reason he would have – there's no reason he would have objected to those being felons. What was he charged with? Being a felon in possession of a firearm. And he pled guilty to being a felon in possession of a firearm, so he knew he was a felon. Yes, when he entered the plea, he absolutely knew he was a felon. But the question is whether he knew he was a felon at the time he possessed the firearms. Now, by the time he entered the plea, he'd had who knows how many conversations with his defense attorney. He'd read the indictment, etc. He no doubt, at the time of the plea, was aware of his felony status. So every time he went on parole or probation for his prior felonies, was he not given a list of requirements? I don't know specifically. The conditions of that supervision? Your Honor, I think it's safe to assume that he received a lot of paperwork and he's talked to multiple attorneys throughout his criminal history. Yes, Your Honor. To follow up on that line of questioning, even at the plea call, he outright says, I was a felon and I'm pleading guilty because I was a felon and I had a gun and I wasn't supposed to have it. So are we supposed to just discount that because this is an after the crime statement? Well, yes. Yes, because I think at the point he's in court, once he's arrested and shortly after that, he's talked to counsel and his defense attorney is going to tell him, well, you are a felon and you possessed a weapon, therefore you're guilty. And if he were to say at that point, but wait, I didn't realize that my previous convictions were felonies. So he would have gone to trial? Is that what you're saying? He would have gone to trial with all these felony convictions? Yes, I believe that's certainly his position that he would have. And, okay. How do you square that with, is it the Brennamore case? I mean, we said that there's no probability that the outcome would differ given the fact that he had, in that case, he had seven felony convictions, three where he'd been imprisoned. Well, I think the difference is that like the other Ninth Circuit cases on this issue, that's a trial situation, it's after the trial and the issue is jury instructions. So the ultimate issue there is guilt. Here, I believe it's fundamentally different because it's a guilty plea case. And Benmore absolutely stands for the proposition that this is, that there's strong evidence here that any reasonable person would have known. There's strong evidence that a jury would have convicted him if he'd gone to trial. But because it's a guilty plea case, this is about his right to choose and his right to be fully informed before he makes a choice to waive his fundamental trial rights. And I think that makes it absolutely a problem. The problem with your argument seems to be, though, ultimately, that any time that you're dealing with, I mean, you've got all these other cases to talk about what the jury would have done, but any time you're dealing with a defendant, if we accept your argument, we have to say that effectively every defendant would have an argument to revisit this because they would always, we can't ever pressure test what they would have done. We can't view it in a, you know, what a reasonable defendant would have done. You're arguing we have to look at what this defendant would have done. And so any defendant that comes in and says, well, I would have done it differently, you're not giving us any opportunity to pressure test that. And so we would be giving a free, maybe not a get out of jail free card, but at least, you know, a free opportunity for a defendant to revisit this if we had accepted your theory. I think that's a valid concern, Your Honor. In this case, I don't see a way to distinguish it from other cases, just as you said. At the same time, the Supreme Court in the United States v. Lee has made very clear that this is a subjective standard. This is about, not about what a reasonable person would have done, but what about this individual defendant would have chosen to do had he known about the missing element. So do you agree that if you have to make some sort of prejudice showing, you lose? If it's an objective standard, yes. It's not an objective standard. It's a subjective standard. And so because of that, there's no prejudice requirement ever? I'm not stringing that together. There is a prejudice requirement. But the prejudice requirement is a reasonable probability that this particular defendant would have made a different decision. And that's from the Lee v. United States case and also in the Rule 11 context from the Dominguez case. I mean, I guess my general sense of a reasonableness standard always has some element of objectivity because we can't be in the mind of a specific person. So instead, we look at a person in that person's shoes and what would be reasonable for them to choose or how to react. I can't know specifically what this person would have chosen. So why is that wrong? Because of Lee v. United States, the Supreme Court decision that says very specifically, very clearly that this is a subjective standard. I think Lee says that clearly. And this defendant may have, despite overwhelming evidence, the defendant in that case might have chosen to throw a Hail Mary. Now there's evidence in Lee, for instance, there is evidence that there is as evidence of that subjectivity that the defendant did feel that way. And that's what the court requires is that. And in this case, the district court found there was no evidence like that. There was no equivocation. That prior to Mr. Pollard filing his Pro Se 2255 motion, he had never equivocated. And that was one of the district court's basis for its decision along with his criminal history. So that's a hurdle. I don't think it's about objectivity. It's a subjective standard. But there typically needs to be something in the record to show that he actually did feel that way. And here I think there is. And the district court didn't give sufficient weight to that fact, which I can explain. And that fact is after that he filed his Pro Se 2255 motion. Because that's his first opportunity to object on this basis to say, wait a minute, knowledge did matter to me. Because it was irrelevant before the Rehave decision. There's no reason if he had had an issue about, wait a minute, I didn't know, his defense attorney, being a reasonable attorney, would have said that's irrelevant. You don't need to know. You'd certainly have a stronger case if he hadn't said, I know that I'm a felon in the colloquy. That's for sure. I respectfully disagree, Your Honor. I understand your argument, which is it doesn't go back to when he stated it. But anyway, unless there's further questions, maybe we should reserve your time for rebuttal. Yes. Ms. Chan. Good morning, Your Honors. My name is Mary Jean Chan. And may it please the court, I represent the United States in this appeal. Pollard is bringing this case to this court on the posture of habeas. And in that, he had a specific burden to show cause and prejudice to excuse procedural default. He did not make that showing. Pollard put forth no evidence, no credible evidence that the district court would have clearly erred in rejecting that he would have made a different decision as to pleading guilty, but for the red hot element that was missing. Should I put it forth? Yes. Just a threshold question. I know neither party really delved into this, but in Boosley, the Supreme Court said the voluntariness and intelligence of the guilty plea can be attacked on collateral review only if first challenged on direct review. Does that foreclose this habeas case, or is the position that that's why we go into the three factors, and as long as we can show, if he can show prejudice, then that's an exception to this comment from Boosley. Your Honor, it's exactly right, which is that Boosley said that when you haven't preserved the error, then the only way you get review on habeas is if you are able to show an exception for why procedural default shouldn't bar that. And there are two ways to do that. First is you show actual innocence. This is something that Mr. Pollard hasn't even tried to do. Or you show cause and prejudice. And that is something that Pollard has tried to do and failed to do. With respect to what prejudice means in the cause and prejudice exception to procedural default, that is actually a higher and more demanding standard than the plain error standard, which is used in direct appeals, not habeas. So there is a higher standard that applies here, and the defendant is required to show that he suffers substantial and actual disadvantage by the claimed error here. So that is something that Mr. Pollard has simply not shown in this case. He hasn't put forward any affidavit or declaration that is colorable or credible or supported by anything in the record that suggests that he actually didn't know that he was a felon. As this court has alluded to earlier in the questioning. Hold on. Say he put in an affidavit that said, hey, when I had my gun and I was picked up for it, I didn't know I was a felon. Now I understand I said something different at the plea colloquy, but I'm telling you, you know, when I was picked up with the gun, I didn't know. You think that would be different? Would that be enough in that case to show prejudice here? No, I don't think it would be, but it would at least put something for the district court to then decide and exercise its fact-finding. The district court was very careful in this case. It actually scrutinized Mr. Pollard's initial 2255 motion that he himself offered, in which he had a stray sentence that said, I would have not entered into the guilty plea had I known all the elements. And the district court said that that wasn't credible because it really wouldn't have made any difference to Pollard, and there was nothing in the record to sustain that suggestion. He'd already been found guilty of felon in possession and a prior offense. Absolutely, Judge Jack. He didn't know that his rights were affected as a convicted felon. That's right. And he had also been convicted of a federal narcotics offense. And the typical colloquy there also advises the defendant that if you're convicted of felony, you cannot possess a firearm. But, of course, that goes beyond what Reha Eves says, which is that the Reha Eves element only goes to knowledge of a felony status, not that you know that because you have a felony status, you're not allowed to have a firearm. That is not what Reha Eves stands for. Reha Eves only says that you have to have knowledge that you were a felon, not what the legal consequences of that are. And there's no question on this record, and I believe defense counsel really concedes this, that you could not contest this element. Pollard would not be able to contest this element. And, in fact, if he tried to do that at trial, it would work to his disadvantage. It would require the government to bring in evidence of his five felony convictions. But your argument there is, yeah, it would have been a stupid decision. Okay, fair enough. But, you know, what Pollard is arguing is, well, I still should have had that decision. And I should have been able to go in, and I wasn't able to. So, I mean, I take your point, but how much can we consider that for purposes of resolving this case? Maybe we should. Well, I think the issue there is whether he can simply say after the fact, make a self-serving statement that I would have challenged this if I had known about it. And, therefore, I should redo everything and undo what is otherwise a final judgment. And that runs completely contrary to the reasons why habeas review is narrow. There is a real concern for the finality of judgments. And that's why the mechanisms for allowing reversal on habeas are so limited and really try to get to the heart of the matter. Your position is that the Hail Mary aspects of the individual decision should be taken into account to determine whether this particular individual would have reasonably made a different decision.  I think what I understand your question to be whether is it that if a defendant would have really not... The fact that this would have had negative consequences for the defendant had he gone to trial, you know, such a high hurdle at trial. We should, I mean, for example, what if he only had one prior felony conviction? And, you know, there might have been some argument that he didn't know that it was a felony. He served, you know, less than a year. In that case, we might say, well, you know, maybe he would have made a different decision. But in this case, it's so overwhelming, you know, and the consequences would have been so bad for him in going to trial that it's less reasonable that he would have made a different decision. Well, that's exactly right. But the ultimate question in looking at whether there's prejudice is, if we want to analogize it to the plain error context, is whether it would have made a difference on the fourth prong. And so even if he wanted to... It would have made a difference as to the decision whether to plead guilty or it would have made a difference to whether he ultimately was found guilty. Well, the decision to whether he would plead guilty, but then also whether the proceedings would be infected with injustice. And so just as an analogy to the plain error standard, prongs three and four look at something slightly different. The substantial rights issue is whether you would have pled guilty or not. But then as to whether the proceedings are undermined, the integrity, the public reputation, just the justice of the entire system, that is a separate inquiry. And I don't think that there's any way in which a defendant who, where there would be overwhelming evidence that they knew of this felon possession, even if they would have made an irrational decision. A decision to go to trial instead of pleading guilty. And not only do they assert that they would have made this decision, but that the district court actually credits that. And the district court is entitled to reject that. And the district court is entitled to look at whether it would have been a reasonable decision to do that. And I just want to take a moment and talk about the Lee decision. Because in the Lee decision, we have something where you might have had a worse sentence as an outcome. But it is a colorable, incredible, and coherent argument to say the concern for being deported from one's country or where they made their home is enough that they will want to throw a Hail Mary pass. Here, there is no such thing. Not only is there, even just as kind of an abstract matter, that doesn't exist in this case. If you were to play it out, there is no such upside from going to trial for Pollard. So do you think that Lee upholds the subjective standards solely alone? I mean, if we were to write an opinion on this, how would we view it? Would we say this is an objective standard, the reasonableness? Or it's a subjective and objective standard? Or we follow Lee and say it's solely a subjective standard? I don't think that Lee really stands for the position that it is solely subjective. It is that it requires that the defendant actually subjectively wanted to make a different decision, but that it would have been a reasonable decision for him to make. And that the court can also look and see all the factors around whether it would have been reasonable for somebody to make that decision to decide whether the defendant's assertion that he subjectively would have made that decision holds water. And that just doesn't hold water here, because not only can the defendant in this case, Mr. Pollard, not actually challenge the mens rea element, but it also has no connection to the other defense that he says that he might have wanted to raise, which is this imperfect necessity defense. Which he actually at sentencing, his counsel said, I realize I wouldn't have been able to make this at trial, but you should look at this in mitigation for sentencing purposes. So there's no nexus between the mens rea element and this potential defense that he says that he could have made in his appellate papers, but that actually is undercut by what the defense counsel acknowledged at the actual sentencing. So because there is no upside for Pollard in going to trial, and in fact, he would have lost his three levels for acceptance of responsibility, and he would have had a more severe sentence because of that. It's important to remember also that the defendant pled guilty to a binding 11C1C agreement to the low end of the guidelines with the three levels adjustment. He would have forgone all of that for the opportunity to contest an element which he really would have disadvantaged himself to contest. Because of that, it's completely implausible and uncredible that he would have made a different decision for this element. And so the district court absolutely was correct in finding that he did not establish the prejudice element to surpass the procedural default. If there are no other questions, I ask this court to affirm. Thank you. Thank you, counsel. Mr. Jones, you have rebuttal. We'll give you two minutes for rebuttal. Thank you, Your Honor. Briefly, with respect to the Lee decision and the subjectivity of the standard, I don't believe that it's a combination of subjective and objective. For instance, in the Dominguez-Benitez decision... Getting back to Lee, there clearly was some objective evidence to support his subjective decision. And that does seem to be what's lacking here. I mean, whether the Supreme Court, I have to go back and read the case, whether they specifically outlined it in that context, it does seem distinguishable from this case. I agree with what you just said about Lee, Your Honor. And it wasn't... I believe the court didn't say that, well, a reasonable person would have thought this immigration consequence was so important. But there was actually evidence in the record there that that particular defendant thought the immigration consequences was the determinative factor. And that's what the court relied on. Here, there's nothing like that in the record before the plea. And then, but the fact that he filed a 2255 motion, which is after the fact, but when we're saying, would he have taken this risk at the time of the plea had he known about the element? He's taking the same risk now when he filed that 225 motion. And I'd like to cite one case for the proposition on, which is United States v. DiBartolo, a Seventh Circuit case from 2015. It's cited in both of the appellant's briefs. And it applies Lee and finds the determinative factor was the evidence was that he filed the 2255 motion after the fact. That shows his intent. And here, that was his earliest opportunity to make an objection based on the knowledge element. And that... I'll conclude with that, Your Honor, and I submit. All right. Thank you. Again, counsel, thank you for your arguments on both sides of the issue in this case. And the case is now submitted.
judges: Jack, Nelson, Hunsaker